<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |   |   |
|---|---|---|
| NATHAN MCNEIL, | : | |
| | : | Civil No. 04-5934 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| PETER HARVEY, et al., | : | |
| | : | |
| Defendants. | : | |

<u>**APPEARANCES**</u>:

NATHAN MCNEIL, Plaintiff <u>Pro</u> <u>Se</u>
Salem County Correctional Facility
125 Cemetery Road
Woodstown, New Jersey 08098

<u>**KUGLER, DISTRICT JUDGE**</u>

Plaintiff Nathan McNeil ("McNeil") seeks to bring this civil rights action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915. Based upon Plaintiff's affidavit of indigence and prison account statement, the Court will (1) grant <u>in</u> <u>forma</u> <u>pauperis</u> status; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Clark; (4) direct the agency having custody of the Plaintiff to deduct an initial partial filing fee payment of $53.40 from Plaintiff's prison account and forward same to the Clerk of the Court, when funds exist in Plaintiff's account; and (5) direct such agency to forward payments from his prison account to the Clerk of the Court each month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation. See 28 U.S.C. § 1915(a) (b).

Pursuant to 28 U.S.C. § 1915(e) (2), the Court has thoroughly reviewed the Complaint to identify cognizable claims.  The Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights secured by the Constitution and laws of the United States.[1]  The Defendants are Peter Harvey, the New Jersey Attorney General; the Salem County Board of Freeholders; James Plousis, a United States Marshal; John Cooksey, Sheriff; Joseph Hartman, Director of the New Jersey Bureau of County Services; James Hefner, Undersheriff; and the Salem County Sheriff's Department.  (Compl., Caption and Parties.)

Plaintiff states the following facts in support of his claims: He was arrested on March 26, 2004, in Dover, Delaware, on an outstanding federal warrant, and brought to the Salem County Correctional Facility (the "Salem facility").  (Com., Statement of Claims.)  There, he was processed and placed in the general population housing unit A-1.  (Id.)  Plaintiff inquired about the availability of various services., including law library access; he was given a number of request forms and an inmate handbook.  (Id.)  Plaintiff allegedly made repeated requests with respect to law library access, copying, medical and dental services, mail and grievance procedures.  (Id.)  He complains of the inadequacy of

---

[1]     42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute,  ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

these services at the Salem facility, and adds that after filing grievances with respect to these matters, he received no relief.  (Id.)  Plaintiff concludes that his constitutional rights have been violated.  (Id.)  He also appears to assert that failure adequately to provide these services constitutes violations of the New Jersey Administrative Code and state law.  (Id.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental entity or employee.  28 U.S.C. § 1915(e)(2)(B).  The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  Id.

A.  Standard for Dismissal

Rule 8 (a) (2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8 (a) (2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993).   Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder

v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000)  "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).  But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").  "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Barrett v. City of Allentown, 152 F.R.D. 50, 54 (E.D.Pa. 1993) (Complaint providing no facts whatsoever to support claim asserted does not contain the requisite specificity for a civil rights complaint, even granting Plaintiffs leniency in light of their pro se status).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived or caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by

Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970);

Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff also must assert and prove some causal connection between a Defendant and the

alleged wrongdoing in order to recover against that Defendant.  See Mt. Healthy City Sch. Dist. Bd. of

Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc.,

957 F. Supp. 1391, 1401-02 (D.N.J. 1997).  "A defendant in a civil rights action must have personal

involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat

superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537

n.3).  Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2)

directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his

subordinates' violations; or (4) tolerated past or ongoing misbehavior.  Friedland v. Fauver, 6 F.

Supp.2d 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.

1995)).  The Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28

U.S.C. § 1915 (e)(2)(B) is warranted.

B.  Medical Care

The Eighth Amendment's prohibition of cruel and unusual punishment obligates  prison

authorities to provide medical care to inmates.[2]  Estelle v.Gamble, 429 U.S. 97, 103 (1976); Rouse v.

---

[2]  Plaintiff seems to have been a pre-trial detainee at the Salem facility during the period of alleged violation of his rights.  Convicted prisoners are protected by the Eighth Amendment prohibition of cruel and unusual punishment, while pre-trial detainees are protected under the Fourteenth Amendment Due Process Clause.  See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983); Bell v. Wolfish, 441 U.S. 520 (1979).  In the Third Circuit, the same "deliberate indifference"standard is applied to both categories of inmates  See Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).  Given the identical legal standards involved, and for the sake of convenience, the Court will refer to Plaintiff's claims as arising under the Eighth and Fourteenth Amendments.

Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  In order to recover damages and obtain other relief, Plaintiff must show that Defendants demonstrated "deliberate indifference to [his] serious medical needs."  See Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993); Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988).  He must show (1) that the Defendants were deliberately indifferent to his medical needs and (2) that those needs were serious.  Rouse, 182 F.3d at 197; see also Durmer, 991 F.2d at 67; Boring, 833 F.2d at 471.

A medical need is serious if it has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for treatment.  Monmouth County Correctional Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  "In addition, where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Id.

Prison officials' actions rise to the level of "deliberate indifference" if reasonable requests for medical care are refused and the inmate is exposed to undue suffering or the threat of tangible residual injury, or if medical treatment is denied or delayed for non-medical reasons.  Monmouth County Correctional Institute Inmates, 834 F.2d at 346-47.  To demonstrate deliberate indifference, a defendant "[must] know ... of and disregard ... an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Non-medical prison personnel will be found to have exhibited deliberate indifference if they "intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to the attendant prison personnel."  See Hodge v. Coughlin, 1994 WL 519902, at * 11 (S.D.N.Y. Sept. 22, 1994), aff'd, 52 F.3d 310 (2d Cir.1995); see also Estelle, 429 U.S. at 104-05, (deliberate indifference can be manifested by an intentional denial or delay in access to medical care).

Applying these principles to the instant case, Plaintiff has not set forth facts sufficient to permit the inference that any Defendant was deliberately indifferent to a serious medical need.  Plaintiff has nowhere asserted the existence of such a need; at most he appears to disagree with the dispensation of medical and dental care at the Salem facilty.  See, e.g. Monmouth County Correctional Institute Inmates, 834 F.2d at 346 (mere disagreement about proper medical treatment does not support an Eighth Amendment claim).  Under these circumstances, the Complaint simply fails to state a deliberate indifference claim against any Defendant for ignoring a serious medical need.  At most, the Complaint's assertions state nothing more than claims of respondeat superior liability and negligence, claims of liability simply not actionable under 42 U.S.C. § 1983.  See Rode, supra (respondeat superior).  See also Estate of Bailey v. York County, 768 F.2d 503, 508 (3d Cir.1985); Beswick v. Philadelphia, 185 F. Supp.2d 418, 429 (E.D.Pa. 2001) (negligence).  Even so, it is established that "[m]ere medical malpractice cannot give rise to a violation of the Eighth Amendment."  White v. Napoleon, 897 F.2d 103, 108 (3d Cir. 1990) (citing Estelle, 429 U.S. at 106).  Because negligence and disagreement with medical procedures simply do not rise to the level of deliberate indifference to Plaintiff's medical needs (which have not been shown to be serious), Plaintiff has not stated a cognizable claim entitling him to relief.  The Court will dismiss this claim pursuant to 28 U.S.C. §§  1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

C.  First Amendment Denial of Access to Courts

Plaintiff alleges that actions taken by Defendants violated his constitutional right of access to the courts.  (Compl., Statement of Claims.)  Plaintiff lacks standing to raise this claim unless he alleges that he actually was injured by Defendants' interference with his access to the courts.  See Lewis v. Casey, 518 U.S. 343, 349-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).  Nowhere in the Complaint does Plaintiff allege that Defendants' violations of his right to access the courts

hindered his ability to pursue a specific legal action, prejudiced his prosecution of any case, or otherwise actually injured him in any way. See Lewis, 518 U.S. at 351. Because of his failure to show that actual injury resulted from Defendants' alleged violation of his right to access to the courts, this claim will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

D.  Grievance Procedures and Legal Mail

Liberally construed, the Complaint asserts the Defendants' failure to comply with the Salem facility's grievance procedures. (Compl., Statement of Claims.) Prisoners are not constitutionally entitled to grievance procedures and the state creation of such a procedure does not create any federal constitutional rights. Wilson v. Horn, 971 F.Supp. 943, 947 (E.D.Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998); see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994), cert. denied, 514 U.S. 1022 (1995); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). Prisoners have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and is not compromised by the failure of the institution to address their grievances. Wilson, 971 F.Supp at 947 (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991)).[3]

Plaintiff also asserts that Salem facility personnel violated his right to due process by opening his legal correspondence outside his presence. (Com., Statement of Claims.) The Third Circuit Court of Appeals has held that inmates must demonstrate actual injury in order to recover. See Oliver v. Fauver, 118 F.3d 175 (3d Cir. 1997) (appying Lewis v. Casey's "actual injury" requirement to the opening of inmate's clearly marked legal correspondence). As Plaintiff has demonstrated no such in jury, these

---

[3]  Moreover, to the extent that Plaintiff contends that the Defendants' actions violated his constitutional right by failing to follow the procedures for processing administrative remedies established by the Salem facility, his claim fails because one can have no liberty interest in a procedure. See Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996).

claims also will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to

state a claim upon which relief may be granted.

E.  Violations of New Jersey Law

 Construed liberally, the Complaint alleges that actions of the Defendants violated his rights under

the New Jersey Administrative Code and other state law.  (Compl., ¶ .)  However, violation of state law

does not state a claim under 42 U.S.C. § 1983.  Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir.), cert. denied,

506 U.S. 977 (1992); Green v. Patterson, 971 F. Supp. 891, 903 (D.N.J. 1997) (citing Elkin).   The Court

also will dismiss these claims.

F.  State, Local, and Agency Defendants

 Plaintiff apparently seeks to include the Salem County Board of Freeholders, the Salem County

Sheriff's Department, and the New Jersey Bureau of County Services in this action.  The United States

Supreme Court has held that "neither a State nor its officials acting in their official capacities are

'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, (1989); see also Powell

v. Ridge, 189 F.3d 387 (3d Cir.), cert. denied, 528 U.S. 1046 (1999); Revene v. Charles County

Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989) (Office of Sheriff is not a legal entity separate from the

sheriff and the county government); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir.1973) (state prison

medical department not a "person" under § 1983); Marsden v. Federal BOP, 856 F.Supp. 832, 836

(S.D.N.Y. 1994) (county jail not an entity amenable to suit under § 1983); PBA Local No. 38.

WoodbridgeD Police Dept., 832 F.Supp. 808, 825-26 (D.N.J. 1993) (police department not a "person"

under § 1983; citing cases); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.Ill. 1993) (Cook

County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890,

893-894 (E.D.Va. 1992) (local jail not a "person" under § 1983); Brooks v. Pembroke City Jail, 722

9

F.Supp. 1294, 1301 (E.D.N.C.1989) (city jail not a "person"amenable to suit under § 1983); The

Complaint will be dismissed as against these Defendants.[4] [5]


## III. CONCLUSION

Based on the foregoing, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915 (e)

(2) (B) (ii) and 1915A (b) (1) for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.


                                                    s/Robert B. Kugler
                                                    **KUGLER**
                                                    **UNITED STATES DISTRICT JUDGE**


**DATED:**       September 12       **,** 2005

---

[4]  The Court also notes that with respect to claims against Salem County and its Board of
Freeholders, Plaintiff has failed to set forth any facts permitting the inference that the
complained-of conditions at the Salem facility exist pursuant to an official custom or policy.  See
Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978) ( municipality
may be found liable under § 1983 "when execution of a government's policy or custom, whether
made by its lawmakers or by those whose edicts and acts may fairly be said to represent official
policy, inflicts the injury.").  The facts outlined in the Complaint simply do not permit the
inference that a Salem County custom or policy exists encouraging the violation of Plaintiff's
constitutional rights.  Compare Montgomery v. De Simone, 159 F.3d 120, 126-27 (3d Cir. 1998)
(municipality is not liable for malicious prosecution by police officer where plaintiff points to no
inadequacy in the police training program and fails to allege any action or inaction by the
municipal defendants that could be interpreted as encouraging the malicious prosecution) with
Bielevicz v. Dubinon, 915 F.2d 845, 849-52 (3d Cir. 1990) (city may be liable for false arrest
where city had a custom of acquiescing in arrests for public drunkenness without probable cause
and failed to remedy the problem).  The Court also will dismiss the Complaint as against Salem
County and its Board of Freeholders.


[5]  The Court also notes that the Complaint asserts nothing more than negligence and
respondeat superior liability against Defendants Harvey, Plousis, Cooksey,Hartman, and Hefner.
Neither of these claims are actionable under 42 U.S.C. § 1983.  See Rode, supra (respondeat
superior).  See also Estate of Bailey v. York County, 768 F.2d 503, 508 (3d Cir.1985); Beswick
v. Philadelphia, 185 F. Supp.2d 418, 429 (E.D.Pa. 2001) (negligence).